John P. Cohalax, Jr.,
J. Petitioner, Randall, is an employee of the State University at Stony Brook. Pursuant to section 75 of the Civil Service Law, charges were leveled against him. The immediate result was that he was suspended for 30 days, without pay, pending a formal hearing.
Pending the hearing of a motion now before this court, Randall obtained an order to show cause that contained a direction continuing him in his position without suspension.
By this motion he now seeks to be continued without any suspension and also seeks the appointment of an independent hearing officer to be appointed by the court to take testimony on the charges.
On the return day of the order to show cause, the Attorney-General appeared, together with the regional attorney for the university. The former pointed out that chapter 752 of the Laws of 1972, effective May 30, 1972, had not been complied with respecting service upon his office. (Chapter 752 amended subd. [d] of CPLR 2214.) The amendment reads: “An order to show cause against a state body or officers must be served in addition to service upon the defendant or respondent state body or officers upon the attorney general by delivery to an assistant attorney general at an office of the attorney general in the county in which venue of the action is designated or if there is no office of the attorney general in such county, at the office of the attorney general nearest such county ”. (“ must ” underlined by court.)
The order to show cause is barren of any direction to serve the Attorney-General. Hence, his motion to dismiss the petition is granted, without prejudice, however, to filing and serving a new petition if Randall be so advised.
The word “must” is interpreted as mandatory. With the vast number of article 78 (CPLR) proceedings involving State bodies or officers, the Legislature deemed it only fitting that the Attorney-General should be notified initially of this type of proceeding rather than being “ dragged in by the heels ” after the proceeding is already under way. And as noted in Statutes (McKinneys Cons. Laws of 1ST. Y., Book 1, § 76): “ Where words of a statute [or rule] are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation ” (“or rule ” supplied by court; see CPLR 102).
*307 That portion of the order to show cause permitting petitioner to continue in the performance of his duties at the university without suspension is vacated; and he is to he suspended for the remainder of the original 30-day period, as permitted by subdivision 3 of section 75 of the Civil Service Law.
Submit order providing, inter alia, that petitioner may have an additional five-day period to serve his answer to the charges directed against him after service of a copy of the order is effected upon 'his attorney, with notice of entry.